**26SD-CC00061**

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

## IN THE CIRCUIT COURT OF STODDARD COUNTY, MISSOURI
## THIRTY-FIFTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| FCCI Insurance Company, as assignee of D&T Young, Inc., | ) ) ) ) | Cause No.: |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| Schulte Industries Ltd., | ) ) | |
| Defendant. | ) ) | |

### PETITION

NOW COMES FCCI Insurance Company, as assignee of D&T Young, Inc., by and through its counsel, Cozen O'Connor, and for its Petition ("Petition") against Defendant, Schulte Industries Ltd., states as follows:

### PARTIES

1.      FCCI is a property insurance carrier with its principal place of business located at 6300 University Parkway, Sarasota, Florida and at all times relevant was and is authorized to issue insurance policies and transact business in the State of Missouri.

2.      D&T Young, Inc. ("D&T Young") is an agricultural business with its principal place of business in Bernie, Missouri. At all times relevant, D&T Young owned the property and farm equipment located at 4418 County Road 717, Bernie, Missouri (the "Property").

3.      At all times relevant, FCCI provided insurance coverage under a policy issued to D&T Young for the Property as more fully set forth in the terms and provisions of said policy.

4.      Defendant Schulte Industries Ltd. ("Schulte" or "Defendant") is an agricultural machinery manufacturer. It is organized under the laws of the Province of Saskatchewan, Canada, with a principal place of business located at 100 John Schulte Dr., Englefeld, Saskatchewan

LEGAL\115020902\1

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

S0K1N0, Canada, and a registered office in Seguin, Texas, and at all times relevant, transacted business in the state of Missouri.

## JURISDICTION AND VENUE

5.  This Court has personal jurisdiction over Schulte in this matter as Schulte caused the injury in the State of Missouri and has had systematic and continuous contact with the State of Missouri and Stoddard County.

6.  Plaintiff seeks damages that are in excess of $100,000.

7.  This venue is proper because all or a substantial part of the events, acts, and transactions giving rise to this claim occurred in Stoddard County, Missouri.

## COMMON ALLEGATIONS

8.  At all times relevant, D&T Young owned the Property located at 4418 County Road 717, Bernie, Missouri 63822.

9.  In 2022, D&T Young purchased a rotary cutter manufactured by Schulte ("the Cutter"), which was designed, marketed, and sold for use for ordinary field operations.

10.  In 2023, D&T Young purchased a Case IH Magnum 310 Tractor (the "Tractor"), which was designed, marketed, and sold for use for ordinary field operations.

11.  On September 9, 2024, the Cutter was attached in its intended configuration to the Tractor and placed into service in the field at the Property by an experienced operator acting within the scope of his normal farming duties.

12.  On the morning of September 9, 2024, while using the Tractor and Cutter in the field, the Cutter's float linkage assembly designed to support and position the Cutter during operation, fractured and the "A" frame fell on the drive shafts below, causing sparks and heat from the metal-on-metal rubbing to ignite debris in the area and initiate a fire (the "Fire").

2

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

13.    At the time of the Fire, the Cutter was within its expected service life and was being used in a normal agricultural environment and manner consistent with its intended purpose.

14.    As a result of Fire, D&T Young suffered damages to the Tractor in excess of $375,000.

15.    As a result of the Fire, D&T Young presented an insurance claim to Plaintiff for its damages caused by the Fire.

16.    Pursuant to the terms of the insurance policy, Plaintiff issued payments to D&T Young for its damages.

17.    D&T Young assigned all of its claims and/or legal title to all causes of action arising from the Fire to Plaintiff, including the right to pursue this action.

## COUNT I
### Product Liability – Design Defect

18.    Plaintiff incorporates by reference paragraphs 1-17 as though each was fully set forth at length herein.

19.    Schulte designed, manufactured, marketed, distributed, and sold the Cutter at issue in the stream of commerce.

20.    At all relevant times, the Cutter was a product intended for agricultural field operations when attached to and operated in conjunction with a tractor in a foreseeable and ordinary manner.

21.    The Cutter was expected to, and did, reach end users without substantial change in its condition from the time it left Schulte's control.

22.    At the time it left Schulte's control, the Cutter was in a defective condition that was unreasonably dangerous to users and to other property due to its defective design.

23.    Specifically, the Cutter was defectively designed in one or more of the following

3

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

respects:

   a.   the Cutter's float linkage assembly was designed in a manner that concentrated operational loads and stresses at a predictable fracture location during ordinary and foreseeable agricultural use;

   b.   the design failed to provide sufficient structural strength or load tolerance for the float linkage assembly to withstand foreseeable forces generated during routine field operations, including vibration and turning;

   c.   upon failure, the design permitted the Cutter's A-frame of the float linkage assembly to fall downward into the rotating driveline, rather than failing in a manner that isolated or disengaged from rotating parts;

   d.   the design failed to incorporate supports, secondary restraints, or fail-safe features that would have prevented contact between structural components and the driveline in the event of a linkage failure;

   e.   the design failed to account for the accumulation of ordinary agricultural debris in proximity to the driveline and linkage area during normal use, thereby increasing the risk of ignition when heat was generated;

   f.   the design permitted sustained metal-on-metal contact between structural components and rotating shafts during operation without automatic disengagement, shutdown, or protective interruption;

   g.   the design subjected the float linkage assembly to cumulative operational stress without adequate margins of safety to prevent overload failure during the Cutter's expected service life; and/or

   h.   the design failed to incorporate reasonable alternative design features that would have redistributed stresses, reinforced critical components, or prevented downward collapse of the float linkage assembly onto rotating parts without impairing the Cutter's utility or making it economically infeasible.

24.   As designed, the Cutter posed an unreasonable risk of fire and damage to other property, including tractors to which it was foreseeably attached, even when operated as intended.

25.   The Cutter did not perform as safely as an ordinary consumer or user would reasonably expect when used in an intended or reasonably foreseeable manner.

26.   The risks posed by the Cutter's defective design outweighed any utility of the design, and those risks could have been reduced or avoided through the adoption of reasonable

4

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

alternative designs.

27.    As a direct and proximate result of Schulte's design defect, the Fire occurred and Plaintiff suffered damages to the Tractor in an amount in excess of $375,000.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, Schulte Industries Ltd., for monetary damages in an amount that is fair and reasonable to compensate Plaintiffs for payments, costs, expenses, prejudgment interest and further relief as this Court deems equitable and just.

## COUNT II
### Negligence

28.    Plaintiff incorporates by reference paragraphs 1-17 as though each was fully set forth at length herein.

29.    At all relevant times, Schulte owed a duty to exercise reasonable care in the design, engineering, testing, inspection, manufacture, and distribution of the Cutter.

30.    Schulte knew or should have known that the Cutter would be used in conjunction with agricultural tractors during ordinary field operations and that failure of structural components could result in contact with rotating driveline components.

31.    Schulte breached its duty of reasonable care by negligently designing the Cutter in one or more of the following respects:

a. failing to design the Cutter's float linkage assembly so as to avoid concentrating operational loads and stresses at a predictable fracture location during ordinary and foreseeable agricultural use;

b. failing to design the float linkage assembly with sufficient structural strength or load tolerance to withstand foreseeable forces generated during routine field operations, including vibration and turning;

c. failing to design the Cutter such that, upon failure, the A-frame of the float linkage assembly would not fall downward into the rotating driveline, but instead would fail in a manner that isolated or disengaged from rotating parts;

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

d. failing to incorporate supports, secondary restraints, or fail-safe features into the design that would have prevented contact between structural components and the driveline in the event of a linkage failure;

e. failing to design the Cutter to account for the accumulation of ordinary agricultural debris in proximity to the driveline and linkage area during normal use, thereby increasing the risk of ignition when heat was generated;

f. failing to prevent sustained metal-on-metal contact between structural components and rotating shafts during operation through automatic disengagement, shutdown, or other protective interruption;

g. failing to design the float linkage assembly with adequate margins of safety to prevent cumulative operational stress and overload failure during the Cutter's expected service life;

h. failing to incorporate reasonable alternative design features that would have redistributed stresses, reinforced critical components, or prevented downward collapse of the float linkage assembly onto rotating parts without impairing the Cutter's utility; and/or

i. failing to adequately test or evaluate the Cutter under conditions simulating foreseeable agricultural use over its expected service life.

32.   As a direct and proximate result of Schulte's negligent acts and omissions, the Fire occurred and Plaintiff suffered damages to the Tractor in an amount in excess of $375,000.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Schulte Industries Ltd., for monetary damages in an amount that is fair and reasonable to compensate Plaintiffs for payments, costs, expenses, prejudgment interest and further relief as this Court deems equitable and just.

Electronically Filed - Stoddard - May 12, 2026 - 09:27 AM

## <u>DEMAND FOR JURY TRIAL</u>

FCCI Insurance Company demands a jury trial for all of the issues triable by a jury.


Dated: May 12, 2026

Respectfully submitted,

***FCCI Insurance Company,
as assignee of D&T Young Farms***

By: /s/ *Marisa L. Saber*
     One of Its Attorneys

Marisa L. Saber (MO # 60360)
Jeffrey Greenspan (*pro hac vice* pending)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100
(312) 878-2002 (fax)
msaber@cozen.com
jgreenspan@cozen.com

Electronically Filed - STODDARD - May 13, 2026 - 03:03 PM



**COZEN O'CONNOR**

May 13, 2026

**VIA MISSOURI E-FILING PORTAL**

**Candice A. Scott**
Paralegal Specialist
Direct Phone    704-348-3457
cscott@cozen.com

Stoddard County Courthouse
403 South Prairie
Bloomfield, MO 63825

**Re:    FCCI Insurance Company v. Schulte Industries Ltd.**
       **Stoddard County Circuit Case No. 26SD-CC00061**

Dear Court Clerk:

Please accept this notice of payment of the $2.00 filing fee for the issuance of a Summons directed to Schulte Industries Ltd.  Should you have any questions or comments, please feel welcome to contact me.

Very truly yours,

COZEN O'CONNOR

By:    Candice A. Scott
      Paralegal to Jeffrey B. Greenspan

CAS

---

301 South College    Street Suite 2100    Charlotte, NC 28202
704.376.3400    800.762.3575    704.334.3351 Fax    cozen.com